## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN
### AND RELATED MOTIONS

Name of Debtor(s):     **Tamera T Lewis**                           Case No:  19-74064-SCS

This plan, dated   __October 31, 2019__   , is:

☑ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
☐ confirmed or ☐ unconfirmed Plan dated _____.

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
____

Place of <u>Modified Plan</u> Confirmation Hearing:
___

The Plan provisions modified by this filing are:
____

Creditors affected by this modification are:
____

## 1. Notices

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**(1) Richmond and Alexandria Divisions:**
**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.**
**(2) Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.**
   **(a) A scheduled confirmation hearing will not be convened when:**
      **(1) an amended plan is filed prior to the scheduled confirmation hearing; or**
      **(2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.**

**In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| A. | **A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not included |
| B. | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A** | ☐ Included | ☑ Not included |
| C. | **Nonstandard provisions, set out in Part 12** | ☑ Included | ☐ Not included |

**2.**        **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$100.00 per month for 40 months, then $600.00 per month for 15 months**.

Other payments to the Trustee are as follows:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

The total amount to be paid into the Plan is $ __13,000.00__.

**3.**     **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

      **A.**     **Administrative Claims under 11 U.S.C. § 1326.**

            1.     The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

            2.     Check one box:

☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ __4996.00__, balance due of the total fee of $ __5296.00__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

      **B.**     **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **City of Norfolk** | **Taxes and certain other debts** | 800.00 | Prorata<br>18 months |

      **C.**     **Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.**     **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

      **A.**     **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Grand Brands** | **living and bedroom furniture** | **2017** | **1,300.00** | **800.00** |
| **Midland Funding, LLC** | **2605 Woodland Avenue Norfolk, VA 23504  Norfolk City County**<br>**city tax assmt $142,200 -** | **1/30/2019** | **1,900.00** | **817.00** |
| **Nuvell Credit Company, LLC** | **2006 Chrysler 300 156,000 miles**<br>**not on road, needs work** | | **732.00** | **3,600.00** |

      **B.**     **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

### C.    Adequate Protection Payments.

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Grand Brands | living and bedroom furniture | 25.00 | TRUSTEE |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

### D.    Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| Grand Brands | living and bedroom furniture | 800.00 | 6.5% | 25.83 34 months |
| Midland Funding, LLC | 2605 Woodland Avenue Norfolk, VA 23504  Norfolk City County city tax assmt $142,200 - | 1,900.00 | 6% | 44.62 48 months |
| Nuvell Credit Company, LLC | 2006 Chrysler 300 156,000 miles not on road, needs work | 732.00 | 6.5% | Prorata 5 months |

### E.    Other Debts.

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

## 5.    Unsecured Claims.

### A.    Not separately classified. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __1__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__%.

### B.    Separately classified unsecured claims.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.      Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.      Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Ally Financial** | **2017 Dodge Durango 43000 miles** | **500.00** | **1,572.00** | **0%** | **5months** | **Prorata** |
| **Lakeview Loan Servicing, LLC** | **2605 Woodland Avenue Norfolk, VA 23504  Norfolk City County city tax assmt $142,200 -** | **864.00\*** | **12,000\*** | **0%** | **0 months - SEE PARAGRAPH 12** | |

**B.      Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**C.      Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| -NONE- | | | | |

**7.      Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

**A.      Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

**B.      Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**8.**     **Liens Which Debtor(s) Seek to Avoid.**

    **A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such   pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**9.**     **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after  the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.**     **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.**     **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**12.**     **Nonstandard Plan Provisions**

    **\* Prior to plan filing, Debtor had been approved for a trial loan modification with Lakeview Loan Servicing, LLC ("Lakeview") and was unaware that approval had been granted with trial loan modification payments in the amount of $864 per month. Upon receipt of a pre-foreclosure letter, Debtor contacted Lakeview and learned of the approval and that she had missed her trial payments.  At the time of plan filing, Debtor has submitted a loan modification application that she has been advised is in underwriting.  Debtor has been informed that underwriting should be complete in no longer than 30 days from the date of plan filing. Should debtor be approved for a loan modification at the end of a trial term, she will timely file a motion to approve final loan modification.   During the trial loan modification, the Debtor estimates that the monthly payment will be $864 and shall tender to Lakeview that amount unless and until she learns that the trial loan modification  amount is different than $864.  She will also file appropriate amendments.  Should the loan modification not be approved and/or not incorporate the mortgage arrearages, Debtor shall amend her plan to address the arrearages within 14 days of said date.**

    ☑ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated:    **October 31, 2019**

**/s/ Tamera T Lewis**                                    **/s/ Dana S. Power**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Tamera T Lewis**                                           **Dana S. Power 33101**

Debtor                                                        Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**        **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on __**November 1, 2019**__ , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Dana S. Power**

**Dana S. Power 33101**

Signature

**500 E. Plume  St.**
**Suite 801**
**Norfolk, VA 23510**

Address

**757-622-1621**

Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on __**November 1, 2019**__ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

**Grand Brands**
**1305 Baker Road**
**Virginia Beach, VA 23455**

☑ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ Dana S. Power**

**Dana S. Power 33101**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Tamera T Lewis** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **19-74064** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | | CNA | |
| **Employer's name** | | Signature Healthcare | |
| **Employer's address** | | 1005 Hampton Avenue<br>Norfolk, VA 23507 | |
| **How long employed there?** | | 7 months | |

## Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $        2,687.00 | $        N/A |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$        0.00 | +$        N/A |
| 4. | **Calculate gross Income.**  Add line 2 + line 3. | 4. | $        2,687.00 | $        N/A |

Debtor 1   **Tamera T Lewis**       Case number (*if known*)   **19-74064**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** ......................................... | 4. | $   **2,687.00** | $   **N/A** |
| 5. | List all payroll deductions: | | | |
| | 5a.   **Tax, Medicare, and Social Security deductions** | 5a. | $   **568.00** | $   **N/A** |
| | 5b.   **Mandatory contributions for retirement plans** | 5b. | $   **0.00** | $   **N/A** |
| | 5c.   **Voluntary contributions for retirement plans** | 5c. | $   **108.00** | $   **N/A** |
| | 5d.   **Required repayments of retirement fund loans** | 5d. | $   **0.00** | $   **N/A** |
| | 5e.   **Insurance** | 5e. | $   **0.00** | $   **N/A** |
| | 5f.   **Domestic support obligations** | 5f. | $   **0.00** | $   **N/A** |
| | 5g.   **Union dues** | 5g. | $   **0.00** | $   **N/A** |
| | 5h.   **Other deductions.** Specify: | 5h.+ | $   **0.00** + | $   **N/A** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $   **676.00** | $   **N/A** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $   **2,011.00** | $   **N/A** |
| 8. | List all other income regularly received: | | | |
| | 8a.   **Net income from rental property and from operating a business, profession, or farm** <br> Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $   **0.00** | $   **N/A** |
| | 8b.   **Interest and dividends** | 8b. | $   **0.00** | $   **N/A** |
| | 8c.   **Family support payments that you, a non-filing spouse, or a dependent regularly receive** <br> Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $   **0.00** | $   **N/A** |
| | 8d.   **Unemployment compensation** | 8d. | $   **0.00** | $   **N/A** |
| | 8e.   **Social Security** | 8e. | $   **0.00** | $   **N/A** |
| | 8f.   **Other government assistance that you regularly receive** <br> Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. <br> Specify: | 8f. | $   **0.00** | $   **N/A** |
| | 8g.   **Pension or retirement income** | 8g. | $   **648.00** | $   **N/A** |
| | 8h.   **Other monthly income.** Specify:   **Daughter's contribution** | 8h.+ | $   **600.00** + | $   **N/A** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $   **1,248.00** | $   **N/A** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. <br> Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **3,259.00** + $   **N/A** | = $ **3,259.00** |
| 11. | **State all other regular contributions to the expenses that you list in** *Schedule J.* <br> Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. <br> Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* <br> Specify: | 11. +$ | | **0.00** |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. <br> Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. | $   **3,259.00** <br> **Combined monthly income** | |

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Tamera T Lewis** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **19-74064** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.

   ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | **Son** | **20** | ☐ No  ■ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No
   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | | **Your expenses** |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    **4.** $ _____ 864.00

   **If not included in line 4:**

   | | | | |
   |---|---|---|---|
   | 4a. | Real estate taxes | 4a. $ | 0.00 |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |

5. **Additional mortgage payments for your residence,** such as home equity loans    **5.** $ _____ 0.00

Debtor 1   **Tamera T Lewis**                                       Case number (if known)   **19-74064**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **200.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **150.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **0.00** |
| | 6d. | Other. Specify:   **cell phone** | 6d. $ | **160.00** |
| | | **internet** | $ | **91.00** |
| | | **netflix** | $ | **12.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **300.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **76.00** |
| 10. | **Personal care products and services** | | 10. $ | **75.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **10.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | | |
| | Do not include car payments. | | 12. $ | **195.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **84.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **247.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify:  **Pers Prop tax** | | 16. $ | **45.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **500.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: | 17c. $ | **0.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | **0.00** |
| | Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:   **CONTINGENCIES** | | 21. +$ | **150.00** |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **3,159.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | | $ | **3,159.00** |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | **3,259.00** |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. -$ | **3,159.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | **100.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☒ No.
☐ Yes.   Explain here: **Debtor's son is a full time student studying welding.  He graduates 12/2019 and will move out at that time.**

Ally Financial
P.O. Box 380901
Bloomington, MN 55438-0901

American Express
Attn: BK Notices
P.O. Box 981537
El Paso, TX 79998-1537

AmeriMark Premier
Easy Pay Plan
P.O. Box 2845
Monroe, WI 53566-8045

Ashley Stewart
Comenity Bank Bankruptcy Dept.
P.O. Box 182125
Columbus, OH 43218-2125

Barclays Bank Delaware
General Correspondence
P.O. Box 8801
Wilmington, DE 19899-8801

BBVA
2009 Beltline Rd
Decatur, AL 35603

Best Buy
Retail Services
P.O. Box 15298
Wilmington, DE 19850-5298

BP Cardmember Services
P.O. Box 15298
Wilmington, DE 19850-5298

Brock and Scott PLC
484 Viking Drive
Ste 203
Virginia Beach, VA 23452

Capital One
P.O. Box 85015
Richmond, VA 23285

City of Norfolk
Norfolk City Treasurer
PO Box 3215
Norfolk, VA 23514


Comenity Bank/Ashstwrt
PO BOX 182789
Columbus, OH 43218


Comenity Bank/JD Williams
PO Box 182120
Columbus, OH 43218


Comenity Bank/Jessica London
PO Box 182789
Columbus, OH 43218


Credit One
P.O. Box 60500
City Of Industry, CA 91716-0500


Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872


Dillards
PO Box 14517
Des Moines, IA 50306


Discover
Bankruptcy Notices
PO Box 6103
Carol Stream, IL 60197-6103


Discover Card
P O Box 15316
Wilmington, DE 19850


ECMC
P.O. Box 16408
Saint Paul, MN 55116-0408

Elizabeth River Tunnels
Bankruptcy Dept
152 Tunnel Facility Drive
Portsmouth, VA 23707-1802


First National Bank
500 E. 60th Street N.
Sioux Falls, SD 57104


First Savings Bank-Blake
PO Box 5065
Sioux Falls, SD 57117


Grand Brands
1305 Baker Road
Virginia Beach, VA 23455


Indigo Mastercard Bank Service
P O Box 4477
Beaverton, OR 97076


Internal Revenue Service
Centralized Insolvency Operati
P.O. Box 7346
Philadelphia, PA 19101-7346


JPMCB
301 N. Walnut Street
Wilmington, DE 19801


Kay Jewelers
375 Ghent Road
Akron, OH 44333


Lakeview Loan Servicing, LLC
Attn: Customer Service
PO Box 8068
Virginia Beach, VA 23450


Levy Law Firm
4452 Corporations Lane
Suite 135
Virginia Beach, VA 23462

Levy Law Firm Co, LPA
P. O. Box 62719
Virginia Beach, VA 23466


LTD Financial Services, LP
7322 Southwest Freeway
Suite 1600
Houston, TX 77074


LVNV Funding
PO Box 1269
Greenville, SC 29602


Macy's
9111 Duke Boulevard
Mason, OH 45040


Midland Funding
Attn: Correspondence
2365 Northside Dr, #300
San Diego, CA 92108


Midland Funding, LLC
8875 Aero Drive
Suite 200
San Diego, CA 92193


Midnight Velvet
1112 7th Avenue
P.O. Box 2816
Monroe, WI 53566-1364


Navy Federal Credit Union
1 Security Place
Merrifield, VA 22119-0001


Navy Federal Credit Union
820 Follin Lane SE
Vienna, VA 22180


Nuvell Credit Company, LLC
P.O. Box 380903
Bloomington, MN 55438-0903

Office of the U.S. Trustee
200 Granby Street
Room 625
Norfolk, VA 23510


Opportunity
11 E Adams St
Chicago, IL 60603


Paypal Credit
PO Box 965005
Orlando, FL 32896


Pep Boys
Bankruptcy Notices
3111 W Allegheny Ave
Philadelphia, PA 19132


Portfolio Recovery Assoc.
Riverside Commerce Center
120 Corporate Blvd, STE 100
Norfolk, VA 23502-4962


Roaman's/Comenity Bank
Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2125


Seventh Avenue
1112 7th Avenue
Monroe, WI 53566-1364


SYNCB/ BP
PO Box 530942
Atlanta, GA 30353-0942


USAA
9800 Fredericksburg Road
San Antonio, TX 78288


Walmart
4125 Windward Plaza
Alpharetta, GA 30005

Walmart/Synchrony Bank
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896-5060

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Tamera T Lewis**

Debtor(s)

Case No.   **19-74064**

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Grand Brands
c/o Craig L. Stein
1305 Baker Road
Virginia Beach, VA 23455**
*Name of creditor*

**living and bedroom furniture**
*Description of collateral*

1.   The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑   To value your collateral.  ***See Section 4 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 8 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due:                                                                    January 2, 2020

Date and time of confirmation hearing:                              January 9, 2020 @9:30 a.m.

Place of confirmation hearing:          Courtroom 1, U.S. Bankruptcy Court, 4th Floor, 600 Granby
                                                                                        Street, Norfolk, VA 23510

**Tamera T Lewis**
*Name(s) of debtor(s)*

By:   **/s/ Dana S. Power**
      **Dana S. Power 33101**
      *Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Dana S. Power 33101**
*Name of attorney for debtor(s)*
**500 E. Plume  St.
Suite 801
Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #   **757-622-1621**
Fax #   **757-623-3250**

*ver. 12/17*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this     __11/1/19__    .

**/s/ Dana S. Power**
**Dana S. Power 33101**
*Signature of attorney for debtor(s)*

*ver. 12/17*

# United States Bankruptcy Court
## Eastern District of Virginia

| In re | Tamera T Lewis | | Case No. | 19-74064 |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | 13 |

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**Midland Funding, LLC**
**c/o CORPORATION SERVICE COMPANY**
**100 Shockoe Slip Fl 2**
**Richmond VA 23219**

*Name of creditor*

**2605 Woodland Avenue Norfolk, VA 23504  Norfolk City County**
**city tax assmt $142,200 -**

*Description of collateral*

1.  The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑  To value your collateral. ***See Section 4 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐  To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 8 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

*ver. 12/17*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | January 2, 2020 |
| Date and time of confirmation hearing: | January 9, 2020 @9:30 a.m. |
| Place of confirmation hearing: | Courtroom 1, U.S. Bankruptcy Court, 4th Floor, 600 Granby Street, Norfolk, VA 23510 |

**Tamera T Lewis**
*Name(s) of debtor(s)*

By:  **/s/ Dana S. Power**
**Dana S. Power 33101**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Dana S. Power 33101**
*Name of attorney for debtor(s)*
**500 E. Plume  St.**
**Suite 801**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #  **757-622-1621**
Fax #  **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  __11/1/19__ .

**/s/ Dana S. Power**
**Dana S. Power 33101**
*Signature of attorney for debtor(s)*

*ver. 12/17*

# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Tamera T Lewis** _____   Case No.  **19-74064** _____

                                              Debtor(s)        Chapter  **13** _____

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**Nuvell Credit Company, LLC**
**c/o C T CORPORATION SYSTEM**
**4701 Cox Rd Ste 285**
**Glen Allen VA 23060**
_Name of creditor_

**2006 Chrysler 300 156,000 miles**
**not on road, needs work**
_Description of collateral_

1.    The attached chapter 13 plan filed by the debtor(s) proposes (_check one_):

    ☑    To value your collateral. **_See Section 4 of the plan._**  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. **_See Section 8 of the plan._**  All or a portion of the amount you are owed will be treated as an unsecured claim.

_ver. 12/17_

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

2.      ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | January 2, 2020 |
| Date and time of confirmation hearing: | January 9, 2020 @9:30 a.m. |
| Place of confirmation hearing: | Courtroom 1, U.S. Bankruptcy Court, 4th Floor, 600 Granby Street, Norfolk, VA 23510 |

**Tamera T Lewis**
*Name(s) of debtor(s)*

By:  **/s/ Dana S. Power**
**Dana S. Power 33101**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Dana S. Power 33101**
*Name of attorney for debtor(s)*
**500 E. Plume  St.**
**Suite 801**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #  **757-622-1621**
Fax #  **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **11/1/19**  .

**/s/ Dana S. Power**
**Dana S. Power 33101**
*Signature of attorney for debtor(s)*

*ver. 12/17*